UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DANIELLE E. SMITH, | ) | No.  CV 04-7228-JTL |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION AND ORDER |
| v. | ) | |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of Social | ) | |
| Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**PROCEEDINGS**

On September 1, 2004, Danielle E. Smith ("plaintiff') filed a
Complaint seeking review of the Commissioner's denial of her
application for supplemental security income.  On September 27, 2004,
the parties filed a Consent to Proceed Before United States Magistrate
Judge Jennifer T. Lum.  Thereafter, on March 8, 2005, defendant filed
an Answer to Complaint.  On May 3, 2005, the parties filed their Joint
Stipulation.

The matter is now ready for decision.

///

///

**BACKGROUND**

On April 16, 2002, plaintiff filed an application for supplemental security income. (Administrative Record ["AR"] at 47-49). Plaintiff alleged that, beginning on August 13, 2001, she was unable to work due to mental illness and ulcers. (AR at 47, 54). The Commissioner denied plaintiff's application for benefits, both initially and upon review. (AR at 27, 5-7). Thereafter, plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (AR at 36). On July 31, 2003, the ALJ conducted a hearing in Los Angeles, California. (AR at 160-79). Plaintiff appeared at the hearing with her counsel and testified. (AR at 162-75). Sandra Schneider, a vocational expert, also testified. (AR at 175-77).

On November 21, 2003, the ALJ issued a decision denying benefits. (AR at 17-25). He concluded that plaintiff suffered from the following severe impairments: depressive disorder and substance addiction disorder. (AR at 24). According to the ALJ, however, these impairments did not meet or equal any of the criteria contained in the Commissioner's Listing of Impairments, 20 C.F.R. Section 404, Subpart P, Appendix 1. (Id.). The ALJ also found that plaintiff had unlimited exertional capacity and was capable of performing simple and repetitive tasks in a low stress environment. (Id.). The ALJ concluded that plaintiff retained the residual functional capacity to perform her past relevant work as a packer, pizza delivery person, apartment maintenance worker, and construction worker. (Id.). Ultimately, the ALJ concluded that plaintiff was not disabled. (Id.)

On January 14, 2004, plaintiff filed a timely request with the Appeals Council for review of the ALJ's decision. (AR at 11-12). On ///

August 6, 2004, the Appeals council affirmed the ALJ's decision.  (AR at 5-7).

### PLAINTIFF'S CONTENTIONS

Plaintiff makes the following claims:

1   The ALJ erred in propounding a complete hypothetical to the vocational expert.

2.   The ALJ improperly determined the residual functional capacity of plaintiff to complete the mental requirements of work activity.

### STANDARD OF REVIEW

The Court reviews the ALJ's decision under 42 U.S.C. § 405(g) to determine whether the ALJ's findings are supported by substantial evidence and whether the proper legal standards were applied.  DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991).  Substantial evidence means "more than a mere scintilla" but less than a preponderance.  Richardson v. Perales, 402 U.S. 389, 401 (1971); Desrosiers v. Secretary of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir. 1988).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson, 402 U.S. at 401.  This Court must review the record as a whole and consider adverse as well as supporting evidence.  Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986).  Where evidence is susceptible of more than one rational interpretation, the ALJ's decision must be upheld.  Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984).

DISCUSSION

**A.    The Sequential Evaluation**

The Commissioner has established a five-step sequential process for determining whether a claimant is disabled.  20 C.F.R. §§ 404.1520, 416.920 (1991); Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987).   At step one, disability benefits are denied if the Commissioner determines that the claimant is engaged in substantial gainful activity.   Bowen, 482 U.S. at 140.   At step two, the Commissioner evaluates whether the claimant has a medically severe impairment which significantly limits his physical or mental ability to do basic work activities. (Id. at 140-41).  Step three requires a consideration of whether the claimant's impairment is equivalent to one of a number of listed impairments that are so severe as to preclude substantial gainful activity. (Bowen, 482 U.S. at 141).  If the impediment meets or equals one of the listed impairments, the claimant is presumptively disabled. (Id.).  If the impairment is not one that is conclusively presumed to be disabling, step four of the evaluation determines whether the impairment prevents the claimant from performing work he has performed in the past.  (Id.).  If the claimant cannot perform his past work, the fifth and final step determines whether he is able to perform other work in the national economy in light of his age, education and work experience.  (Id. at 142).  The claimant is entitled to disability benefits only if he is not able to perform such work.  (Id.).

///

///

///

///

4

**B.**   **Whether the ALJ Propounded a Complete Hypothetical to the Vocational Expert**

Plaintiff claims that the ALJ erred in relying on the vocational expert's testimony because the the ALJ failed to give the vocational expert a complete hypothetical.  Specifically, plaintiff alleges that the ALJ failed to include in his hypothetical the fact that plaintiff would be restricted to simple, repetitive tasks in a low stress environment.  (See AR at 23, 24).  As a result of the omission, the vocational expert opined that plaintiff could perform work beyond the capabilities assessed by the ALJ in his decision.  As discussed below, the Court agrees with plaintiff and remands this case for further administrative proceedings.

At the hearing, the ALJ posed the following hypothetical to the vocational expert:

> Q:  All right assume for purposes of your testimony you have an individual who's in the age range of 30 to 35 yers of age, has a high school equivalent education, some additional training as noted in the testimony, same work history as the Claimant.  In hyopoethical number 1, this person would have no exertional limitations.  They would have non-exertional limitations that they should avoid work with the general public.  Could this person do any of the past work?
>
> A:  No general public at all or just minimal?
>
> Q:  Well, not more than minimal.

(AR at 176).  The vocational expert responded that such a hypothetical individual could perform plaintiff's past relevant work as a packer, pizza delivery person, apartment maintenance worker, and construction worker.  (Id.).  Ultimately, the ALJ relied on this testimony in finding that plaintiff had the residual functional capacity to perform her past relevant work.  (AR at 23).  Plaintiff challenges the ALJ's

1   reliance on this testimony, arguing that the ALJ failed to include in

2   the hypothetical his finding that plaintiff be limited to simple and

3   repetitive tasks in a low stress environment. (AR at 24).

4   Accordingly, plaintiff concludes that the ALJ's failure to do so

5   renders the ALJ's subsequent reliance on the vocational expert's

6   testimony untenable.

7        In order for a vocational expert's testimony to constitute

8   substantial evidence, the hypothetical question posed must "consider

9   all of the claimant's limitations." Andrews, 53 F.3d at 1044. While

10  the ALJ need not include every alleged impairment in her hypothetical,

11  she must make specific findings explaining her rationale for

12  disbelieving any subjective complaints that are not included.

13  Copeland v. Bowen, 861 F.2d 536, 540 (9th Cir. 1988); Gallant v.

14  Heckler, 753 F.2d 1450, 1456 (9th Cir. 1984).

15       Here, the ALJ's hypothetical failed to adequately reflect all the

16  limitations that he had assessed on plaintiff's ability to work.

17  Specifically, the ALJ's hypothetical omitted any reference to

18  restricting plaintiff to simple and repetitive tasks and low stress

19  environments. Furthermore, there is nothing that suggests the

20  vocational expert actually considered a restriction involving the

21  performance of simple and repetitive tasks in a low stress

22  environment. Thus, the ALJ's hypothetical to the vocational expert

23  failed to fully reflect plaintiff's limitations. Consequently, the

24  ALJ erred in relying on the vocational expert's opinion.

25       Plaintiff also challenges the vocational expert's testimony that

26  plaintiff had the residual functional capacity to perform her past

27  relevant work as either a packer, pizza delivery person, apartment

28  ///

6

maintenance worker, or construction worker.  Plaintiff claims that the ALJ's finding that she be limited to simple and repetitive work conflicts with the requirements of her past relevant work, as listed in the Dictionary of Occupational Titles ("DOT").  The DOT's descriptions of plaintiff's past relevant work indicate that these occupations require more than simple and repetitive work.  As such, plaintiff claims the ALJ committed reversible error.

The DOT describes the duties and requirements of the many jobs that it chronicles.  In doing so, the DOT applies a General Education Development ("GED") scale to each job.  Three sections comprise the GED: (1) reasoning development; (2) mathematical development; and (3) language development.  For each job, the DOT assigns each of these three sections a number between one and six, one being the least complex and six being the most complex.

The DOT classifies an apartment maintenance worker (DOT #382.664-010) and a construction worker (DOT #896.664-014) as level three reasoning development jobs, which the DOT describes as follows:

> Apply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form.  Deal with problems involving several variables in or from standardized situations.

DOT, Vol. 1, App. C. at 1010 (4th ed. 1991).  The DOT identifies a packer (DOT #920.587-018) and a pizza delivery person (DOT #229.477-010) as level two reasoning development occupations.  The ability to perform these level two jobs requires plaintiff to do the following:

///
///

1          Apply commonsense understanding to carry out
2          detailed but uninvolved written and oral
3          instructions. Deal with problems involving a
4          few concrete variables in or from standardized
5          situations.
6    DOT, Vol. 1, App. C. at 1010 (4th ed. 1991).
7          Citing these descriptions, plaintiff contends that the DOT's
8    definition of plaintiff's past relevant work would require her to do
9    more simple and repetitive work. "In determining what exertional
10   demands are required to perform a type of work, the ALJ may rely on
11   the general job categories of the Dictionary [of Occupational Titles],
12   with its supplementary Selected Characteristics, as presumptively
13   applicable to a claimant's prior work." Hill v. Barnhart, 2003 WL
14   151536 at *4 (N.D. Cal. Jan. 15. 2003). Alternatively, an ALJ may
15   rely on a vocational expert's testimony to determine the demands of a
16   claimant's past relevant work. Light v. Social Sec. Admin., 119 F.3d
17   789, 793 (9th Cir. 1997). But when the expert's testimony conflicts
18   with the DOT, the ALJ may rely on the expert "only insofar as the
19   record contains persuasive evidence to support the deviation."
20   Johnson v. Shalala, 60 F.3d 1428, 1435 (9th Cir 199). "Evidence
21   sufficient to permit such a deviation may be either specific findings
22   of fact regarding the claimant's residual functionality, or inferences
23   drawn from the context of the expert's testimony." Light, 119 F.3d at
24   793 (citations omitted).
25         Here, the DOT's descriptions concerning the above occupations
26   conflicted with the ALJ's finding that plaintiff be limited to simple
27   and repetitive work. The DOT classified an apartment maintenance
28   worker and a construction worker as level three reasoning development

occupations.  <u>See</u> DOT Vol. 1, App. C.  709, 181 (4th ed. 1991).  Level three occupations require individuals to perform more than simple and repetitive work.  Indeed, such  occupations would require plaintiff to "[d]eal with problems involving <u>several concrete variables</u> in or from standardized situations."  DOT Vol. 1, App. C. at 1010 (4th ed. 1991) (emphasis added).

Likewise, the DOT classifies a packer and pizza delivery person as level two reasoning development occupations.  <u>See</u> DOT Vol. 1, App. C. 709, 937 (4th ed. 1991).  Accordingly, plaintiff would have to "apply commonsense understanding to carry out detailed but uninvolved written or oral instructions" in order to perform either of these two jobs.  DOT Vol. 1, App. C. at 1010 (4th ed. 1991) (emphasis added). Additionally, an individual performing a level two occupation would encounter more than routine situations.  DOT Vol. 1, App. C. at 1010 (4th ed. 1991) ("Deal with problems involving a few concrete variables in or from standardized situations.").

Here, the ALJ determined that plaintiff could perform only simple and repetitive jobs.  (AR at 24).  Thus, the only occupations that arguably fit within that description are those that the DOT classifies as level one reasoning development occupations.  In contrast to level two and three occupations, level one occupations involve only simple and repetitive work:

> Apply commonsense understanding to carry out simple one-or-two step instructions.  Deal with standardized situations with occasional or no variables in or from these situations encountered on the job.

///

DOT, Vol. 1, App. C. at 1010 (4th ed. 1991).  Accordingly, the record lacks substantial evidence to show that plaintiff could perform any of her past relevant work.

**C.   Remand is Required to Remedy Defects in the ALJ's Decision**

The choice of whether to reverse and remand for further administrative proceedings, or to reverse and simply award benefits, is within the discretion of the Court.  McAlister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989).  Remand is appropriate where additional proceedings would remedy defects in the ALJ's decision, and where the record should be developed more fully.  Id.  See also Rodriquez v. Bowen, 876 F.2d 759, 763 (9th Cir. 1989); Marcia v. Sullivan, 900 F.2d 172, 176 (9th Cir. 1990).  An award of benefits is appropriate where no useful purpose would be served by further administrative proceedings, see Gamble v. Chater, 68 F.3d 319, 322-23 (9th Cir. 1995), where the record has been fully developed, see Schneider v. Commissioner of the Social Security Administration, 223 F.3d 968, 976 (9th Cir. 2000); Ramirez v. Shalala, 8 F.3d 1449, 1455 (9th Cir. 1993), or where remand would unnecessarily delay the receipt of benefits.  See Smolen v. Chater, 80 F.3d 1273, 1292 (9th Cir. 1996).

Here, the Court finds remand appropriate.  The ALJ erred in failing to give the vocational expert a complete hypothetical.  On remand, the ALJ must include in the hypothetical his findings regarding plaintiff's restrictions to simple and repetitive work in a low stress environment.[1]

---

[1]   In the Joint Stipulation, plaintiff also contends that the ALJ erred in assessing plaintiff's residual functional capacity.  As explained above, however, the ALJ's error in failing to give a complete hypothetical constitute sufficient reason to remand this

**ORDER**

     The Court, therefore, VACATES the decision of the Commissioner of Social Security Administration and REMANDS the case for further administrative proceedings consistent with the Memorandum Opinion and Order.

     **LET JUDGMENT BE ENTERED ACCORDINGLY**

DATED: August 30, 2005

                                        /s/
                              _____
                              JENNIFER T. LUM
                              UNITED STATES MAGISTRATE JUDGE

case.  Moreover, depending on the outcome of the proceedings on remand, the ALJ will have an opportunity to address plaintiff's other arguments again.  In any event, the ALJ should consider all the issues raised by plaintiff in the Joint Stipulation when determining the merits of plaintiff's case on remand.